UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHEL KNOX,

            Plaintiff,

     v.                                       CV. No. 06-459-HA

CITY OF PORTLAND, a                         ORDER
municipal corporation,

            Defendant.

_____

HAGGERTY, Chief Judge:

       Plaintiff Michel Knox (plaintiff) brings a Complaint against defendant City of Portland

(defendant) asserting six claims arising variously under Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 2000e; the Americans with Disabilities Act (ADA), 42 U.S.C. §

12201; and state statutes.  Defendant moves to dismiss portions of plaintiff's First and Second Claims for

Relief for failure to state a claim upon which relief can be granted.  Plaintiff opposes this motion.  For the

following reasons, defendant's Motion to Dismiss [4] is GRANTED IN PART AND DENIED IN PART.

1 - ORDER

ANALYSIS

Oral argument on this Motion is deemed unnecessary.  Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim" that would entitle plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted).  For the purposes of a motion to dismiss, the Complaint must be construed liberally in favor of plaintiff, and the Complaint's allegations accepted as true.  *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).  A motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief.  *Id.*

Here, plaintiff has sued defendant asserting six claims.  Defendant moves to dismiss portions of the first two claims.

### 1.      Was plaintiff's BOLI complaint sufficient to allow her retaliation claim to survive?

Plaintiff's first claim alleges that she was subjected to unlawful discrimination, retaliation, and a hostile work environment in violation of federal law codified at 42 U.S.C. § 2000e (Title VII).  Defendant moves to dismiss plaintiff's Title VII retaliation claim on grounds that plaintiff has failed to exhaust her statutorily mandated administrative remedies.  Defendant asserts that plaintiff's administrative complaints failed to identify retaliation as a basis for her Complaint, and plaintiff cannot establish that her administrative actions gave rise then to any inquiries into the issue of retaliation.

Specifically, defendant contends that plaintiff failed to raise a retaliation claim with the Equal Employment Opportunity Commission (EEOC) or the state administrative agency, the Bureau of

Industries and Labor (BOLI) before filing this action.  The City argues that it must be dismissed for lack of jurisdiction and for failure to state a claim.

Federal subject matter jurisdiction over a Title VII claim cannot be exercised until a plaintiff first exhausts administrative remedies.  *Delaware State College v. Ricks*, 449 U.S. 250, 256 (1980); *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000).  Exhaustion of administrative remedies occurs when the complainant files a timely charge with the EEOC and permits the EEOC an opportunity to investigate the charge.  *See* 42 U.S.C. § 2000e-5(b).

Allegations of discrimination that are omitted in an EEOC charge fall outside of a federal court's jurisdiction unless the new claims "'are like or reasonably related to the allegations contained in the EEOC charge.'"  *Lyons v. England*, 307 F.3d 1092, 1104 (9th Cir. 2002), quoting *Green v. Los Angeles Co. Superintendent of Schs.*, 883 F.2d 1472, 1475-76 (9th Cir. 1989).  Stated differently, a federal court may exercise jurisdiction over charges of discrimination that were a part of the EEOC's investigation or could be within the scope of an EEOC investigation that could reasonably arise from the asserted charges.  *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994), quoting *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir.1990) (emphasis and footnote omitted); *see also Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997).

A plaintiff's civil claims are construed as reasonably related to allegations in the EEOC charge when those claims are "consistent with the plaintiff's original theory of the case."  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002).  Courts must construe any charges filed with the EEOC liberally when determining whether a plaintiff's claims are reasonably related to those EEOC charge.  *Yamaguchi*, 109 F.3d at 1480.

Plaintiff asserts that her retaliation claim should be construed as administratively exhausted because her Complaint "does not depart from the facts as stated in both BOLI charges she had filed." Pl.s Response at 1. Plaintiff cites to the allegations presented to BOLI, which included assertions that she engaged in the protected activity of reporting discrimination.[1]

Plaintiff contends that because the act of reporting discrimination was described in plaintiff's submissions to BOLI, "the investigation by BOLI necessarily had to address the fact that complaints were made, both internally and administratively, and that the plaintiff suffered adverse employment actions after those complaints." Pl.s Response at 2. Therefore, retaliation was either within the scope of the investigation by BOLI, or was a claim that could have been expected reasonably to grow out of the BOLI charges.

This court agrees. Plaintiff presented explicit allegations of complaints she made to an affirmative action office and described adverse employment actions she endured. In light of authority requiring the liberal construction of EEOC charges when determining whether a plaintiff's claims are reasonably related to those EEOC charges, *Yamaguchi*, 109 F.3d at 1480, this court is compelled to conclude that plaintiff's present retaliation claim is sufficiently "reasonably related" to the allegations contained in plaintiff's BOLI

---

[1] On page 3, paragraph 12 of plaintiff's BOLI charge filed on May 27, 2005, plaintiff alleged as follows: "In August 2004, I made a complaint to the City's Diversity Development/ Affirmative Action office for lack of accommodations given for my disabilities and workers' compensation claim, over discrimination for my race and sexual orientation." Plaintiff's August 23, 2005 BOLI charge incorporates her May 27, 2005 BOLI charge. For purposes of a motion to dismiss, this court "may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998), quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). These references to plaintiff's BOLI charges and their authenticity are uncontested, and this court will consider them.

4 - ORDER

charges.  *See Lyons*, 307 F.3d at 1104.  Defendant's Motion to Dismiss the plaintiff's claim of retaliation under Title VII is, therefore, denied.

> **2.    Should plaintiff's Section 1983 claims for retaliation associated with her right to Equal Protection, or her exercise of First Amendment rights, be dismissed?**

Defendant also moves to dismiss plaintiff's second claim to the extent that it asserts a retaliation claim under 42 U.S.C. § 1983.  First, defendant argues that plaintiff cannot maintain a Section 1983 claim for retaliation based upon an alleged Equal Protection violation.

Counsel for both parties appear to agree that the Ninth Circuit has yet to address this issue directly. Counsel cite to one decision that offered dicta stating that even if a plaintiff's claims under Title VII were viable, that plaintiff "probably could not have pursued Section 1983 claims based on the same discriminatory and retaliatory acts."  *Learned v. City of Bellevue*, 860 F.2d 928, 933 (9th Cir. 1988).

Many other circuits have drawn similar conclusions more directly.  *Pagan v. Calderon*,  448 F.3d 16, 36 (1st Cir. 2006) (a plaintiff challenging a discretionary decision to deny a benefit claims and seeking redress based on allegations of unconstitutional political discrimination or retaliation cannot rely on the Equal Protection Clause but must bring a claim under the First Amendment); *Maldonado v. City of Altus*, 433 F.3d 1294, 1308 (10th Cir. 2006) (to the extent the plaintiffs raise a retaliation claim under 42 U.S.C. § 1983 asserting violations of Equal Protection, the Tenth Circuit has long held that such a theory of liability for retaliatory conduct falls outside of § 1983); *Boyd v. Illinois State Police*, 384 F.3d 888, 898 (7th Cir. 2004) ("the right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the Equal Protection Clause"); *Rosenfeld v. Egy*, 346 F.3d 11, 15 (1st Cir. 2003) (rejecting equal protection claim premised on allegations of retaliatory refusal to grant a license because the claim substantially overlapped with the plaintiff's First Amendment claim); *Bernheim v. Litt*, 79 F.3d

318, 323 (2nd Cir. 1996) ("we know of no court that has recognized a claim under the Equal Protection

Clause for retaliation following complaints of racial discrimination"); *Day v. Wayne Co. Bd. of Auditors*,

749 F.2d 1199, 1205 (6th Cir. 1984) (the defendants' "only wrongful act was their retaliation for the

plaintiff's actions, a violation of Title VII.  We conclude that Congress did not intend this violation to be

the basis of a § 1983 claim").  Based upon the reasoning provided in these decisions, this court concludes

that plaintiff is precluded from bringing a retaliation claim under 42 U.S.C. § 1983 based on alleged

violations of her Equal Protection rights.

Plaintiff also asserts a Section 1983 claim of retaliation for her exercise of free speech.  Under the

liberal pleading standards and viewing the non-movant's allegations favorably, this aspect of defendant's

motion must be denied, with leave to renew after discovery is completed.

Courts undertake a three-part inquiry when a public employee alleges unlawful discrimination

against a governmental entity for violations of free speech.  This inquiry asks whether:  (1) the speech at

issue was constitutionally protected; (2) the speech was a motivating factor in the discriminatory actions;

and (3) the governmental entity would have taken the same action even in the absence of the protected

speech.  *See Bd. of Co. Comm'rs Wabaunsee Co., Kan. v. Umbehr*, 518 U.S. 668, 675 (1996). To prove

that speech is constitutionally protected, a plaintiff must show that the speech involved a matter of public

concern and that the plaintiff's interest in the speech outweighed the defendant's interest in avoiding

workplace disruption.  *Waters v. Churchill*, 511 U.S. 661, 668 (1994).  The threshold inquiry is whether

the plaintiff's statements substantially addressed a matter of political, social, or other community concern.

*Roe v. City & Co. of San Francisco*, 109 F.3d 578, 584 (9th Cir. 1997).  If not, the First Amendment is not

triggered and all other inquiries are irrelevant.

Speech is not of public concern when it deals solely with individual personnel disputes and is irrelevant to the public's evaluation of the governmental agency's actions. *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983). However, if the speech concerns information that society should know about to make informed decisions about the operations of the government, that speech merits the highest degree of constitutional protection. *Coszalter v. City of Salem*, 320 F.3d 968, 973-74 (9th Cir. 2003); *see also Alpha Energy Savers Inc. v. Hansen*, 381 F.3d 917, 926 (9th Cir. 2004) ("Disputes over racial, religious, or other such discrimination by public officials are not simply individual personnel matters. They involve the type of governmental conduct that affects the societal interest as a whole – conduct in which the public has a deep and abiding interest. Litigation seeking to expose such wrongful governmental activity is, by its very nature, a matter of public concern").

Plaintiff contends correctly that because the facts of this case have yet to be developed through discovery, this motion, founded upon assertions that plaintiff's reports to defendant were not a matter of public concern, is premature. This court cannot now determine, as a matter of law, that plaintiff's complaints were only a matter of personnel disputes, and not a matter of public concern. Therefore, defendant's motion to dismiss plaintiff's Section 1983 claim pertaining to retaliation for exercising First Amendment rights must be denied.

CONCLUSION

After accepting all well-pled allegations in the Complaint as true, and viewing them in a light most favorable to plaintiff, this court finds no grounds to support defendant's Motion to Dismiss as it pertains to plaintiff's first claim for retaliation under Title VII, or to plaintiff's second claim as it pertains to plaintiff's Section 1983 claim regarding retaliation for exercising First Amendment rights. Defendant's motion is granted insofar as it pertains to plaintiff's retaliation claim under 42 U.S.C. § 1983 based upon

7 - ORDER

alleged violations of her equal protection rights.  Accordingly, defendant's Motion to Dismiss [4] is

GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

Dated this   3   day of August, 2006.


                                        /s/Ancer L.Haggerty
                                        Ancer L. Haggerty
                                   United States District Judge


8 - ORDER